STRAFFORD, FEBRUARY TERM, 1822.

</div>

## NATHANIEL HAYES *vs.* BENJAMIN BENNETT, jun.

When a submission to arbitrators by a rule before a justice of the peace describes the subject matter as " a controversy under two hundred dollars," without any further specification, it is void for uncertainty.

But the statute, which empowers justices of the peace to make rules and render judgment on reports in such submissions, is not unconstitutional.

This was a writ of error, brought to reverse a judgment rendered upon a report of referees by a justice of the peace.

It appeared from the papers in the case, that on a certain day, the parties appeared before the magistrate, and in writing stated, that having " a controversy between them under " $200" in amount, they agreed to refer it to *A.*, *B.* and *C.*, and requested the magistrate to make a rule in conformity with their agreement. He accordingly made the rule, and described the subject submitted, in the same manner in which it was described in the agreement.

A report was afterwards made to him in favor of *Bennett*, and judgment having been rendered upon it, this writ of error was brought to reverse that judgment.

*Eastman*, counsel for the plaintiff.

*Woodman* and *J. Smith*, for the defendant.

WOODBURY, J. It is objected, that the statute, under which this judgment was rendered, is unconstitutional. The statute authorizes a justice of the peace to render judgment on the report of the referees, whenever the subject submitted before him is a controversy under $200 in amount ; while the constitution, it is contended, limits his jurisdiction to cases, where the claims do not exceed " four pounds."(1) The language of the constitution is, that the legislature may " give to justices of the peace jurisdiction in civil causes, " where the damages demanded shall not exceed four pounds, " and title of real estate is not concerned."

(1) 1 N. H.
Laws 20, 29.

If this clause be deemed an implied prohibition to the legislature to confer power on magistrates in the cases enumerated, (which construction does not seem forced) still it does not, in our opinion, embrace the present case.

By " civil causes," was, in our opinion, intended what are technically termed " actions" ; that is, proceedings instituted by a writ, and in which specific damages are demanded, or the title of real estate disputed ; proceedings, also, where one party is forced by the other into litigation, and where the merits of the controversy are investigated and decided by the magistrate.

But this statute concerning references extends to cases, where the prosecution is not by suit or action, where neither party is forced to litigate, and where the merits of the controversy are not decided by the magistrate. Under this statute, also, every thing done before the magistrate is done by the voluntary agreement of both parties. The consent here is not to give jurisdiction to the justice to try a cause where the constitution forbids a trial by him ; but it is to give jurisdiction to the referees to try it under an agreement of the parties, which is neither forbidden by the constitution, nor by any principle of sound policy. When the justice exercises his discretion as to the acceptance of the report, he makes no inquiry into the merits of the cause, but merely into the good faith and deportment of the parties and referees in the progress of the trial. We are therefore of opinion, that this objection must be overruled.

It is further objected, that the rule in this case is too uncertain to be the foundation of a judgment. The statute, under which this judgment was rendered, does not in express terms require a particular statement of the controversy submitted. The language of the statute is, " that " two persons having a controversy between them of two " hundred dollars value or under, &c. may enter into a rule " to refer the same." And the question is, whether a rule under this statute must specify the controversy submitted?

Submissions of " all demands," or of " all differences," may be made, because there the parties expressly designate, that every thing in claim, or difference, is submitted, and there the referees cannot err or be misled, if they decide on any existing claim or difference. But in the present case the parties do not agree that every controversy between them under $200 shall be submitted, but only " a controver- " sy under $200," that is, some controversy under $200, without any specification whatever to identify it. The limitation as to its amount is a mere formal expression to bring the submission within the statute.

It is manifest, in the present case, that the referees might err or be misled, though they decided on some existing controversy ; because, among several controversies, nothing would appear by which they could judge whether the controversy decided were the controversy actually intended to be submitted.

If the agreement to refer be likened to a special delegation of power in other cases, it is totally defective in certainty. Because other special powers to other special jurisdictions are usually described with much particularity, as in cases of special powers of attorney, and of authority conferred on inferior tribunals for the decision of particular classes of questions.

If the agreement to refer in this case be compared with declarations in suits at law, it will be found to fall far short of the certainty required in general declarations. Because general declarations uniformly designate, not only the value but the nature of the subject in controversy ; as for example,

so much " money had and received," " goods sold and de-
" livered," or " labor performed."

These considerations, notwithstanding the earnest desire
we feel to support all amicable adjustments of controversy,
have convinced us, that the submission in this case is too
uncertain to be made the foundation of a judgment.

*Judgment reversed.*